# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PETER TRUONG,

    *Plaintiff*,

v.

PAULA A. WOLFF, Associate Director, International Prisoner Transfer Unit,

    *Defendant*.

Civil Action No. 18-2676 (TJK)

## MEMORANDUM OPINION

Plaintiff Peter Truong, a prisoner proceeding *pro se*, brought this action in October 2018 alleging that Defendant unlawfully denied his request to be transferred to Australia so that he could serve the remainder of his prison term there. ECF No. 1. On June 3, 2019, Defendant filed a motion to dismiss the complaint. ECF No. 12. The next day, the Court issued an order advising Plaintiff of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court to respond to the motion. ECF No. 13 ("*Fox* Order"). The Court specifically warned Plaintiff that if he did not respond to the motion by July 5, 2019, the Court could treat the motion as conceded. *Id.* On June 26, 2019, Plaintiff moved to extend the deadline to respond to Defendant's motion to July 24, 2019, and the Court granted his motion. ECF No. 14. However, despite the Court's warning, Plaintiff has yet to file an opposition to Defendant's motion, nor has he further requested additional time to do so.

As the Court advised Plaintiff in the *Fox* Order, under Local Civil Rule 7(b), "the Court may treat . . . as conceded" a motion that the opposing party fails to respond to within 14 days. LCvR 7(b). In *Cohen v. Board of Trustees of the University of the District of Columbia*, the D.C. Circuit observed "tension between Local Rule 7(b) and Federal Rule 12(b)(6);" however, it

nevertheless "reluctantly affirm[ed] the court's decision to grant the motion to dismiss" albeit holding that doing so with prejudice was "an abuse of discretion." 819 F.3d 476, 480, 481 (D.C. Cir. 2016). The *Cohen* court also noted that it "[had] yet to deem a 'straightforward application of Local Rule 7(b)' an abuse of discretion." *Id* at 480 (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004)); *see also Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 892 F.3d 332, 344 (D.C. Cir. 2018) ("We have endorsed dismissing a complaint pursuant to Local Rule 7(b) if the plaintiff failed to timely file a response in opposition to the defendant's FRCP 12(b)(6) motion to dismiss."). Additionally, in *Jordan v. Ormond*, the D.C. Circuit held that "[t]he district court did not abuse its discretion in dismissing appellant's complaint pursuant to [LCvR] 7(b)" where a *pro se* plaintiff had missed the court's deadline by 25 days. No. 15-7151, 2016 WL 4098823, at *1 (D.C. Cir. July 22, 2016) (per curiam); *Jordan v. Ormond*, No. 15-1536 (RMC), 2015 WL 13055329 (D.D.C. Oct. 6, 2015) (Memorandum and Order). Moreover, other courts in this district have granted as conceded motions to dismiss in "straightforward" cases where a plaintiff simply fails to respond despite having been warned of the consequences. *See, e.g.*, *Voacolo v. Fed. Nat'l Mortg. Ass'n*, 224 F. Supp. 3d 39, 42 (D.D.C. 2016) (granting as conceded under LCvR 7(b) a motion to dismiss to which the plaintiff "failed to respond for roughly 90 days").

The Court finds the instant case to be similarly straightforward. Despite being warned of the consequences, Plaintiff has missed the deadline to respond to Defendant's motion by over 80 days. Moreover, Plaintiff has demonstrated an awareness of the importance of the Court's deadlines because he previously moved for an extension (which was granted). Therefore, in a separate order, the Court will grant Defendant's motion to dismiss as conceded and dismiss the complaint without prejudice.

2

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 16, 2019